FILED
JOHN P. HEHMAN
CLERK

2013 OCT 16 PM 1:00

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. **1:13CR113** |
| | : | |
| v. | : | INDICTMENT   J. BARRETT |
| | : | |
| DIMITAR ANGELOV and | : | 18 U.S.C. § 1029(a)(8) |
| DIMITAR KOLEV | : | 18 U.S.C. § 2 |
| | : | |
| | : | Notice of Forfeiture |

**THE GRAND JURY CHARGES THAT:**

### COUNT 1 (18 U.S.C. § 1029(a)(8))

1. On or about the 28th day of September, 2013, in the Southern District of Ohio, the defendants, DIMITAR ANGELOV and DIMITAR KOLEV, affixed a hidden electronic scanning receiver (also known as a skimming device) to an automated teller machine ("ATM") at a bank in Springdale, Ohio. The defendants also affixed a hidden camera at the ATM to record the keypad use.

2. The receiver is a device and apparatus that can be used to intercept a wire or electronic communication in violation of chapter 119 and intercept an electronic serial number, mobile identification number, and other identifier of any telecommunications service, equipment, or instrument.

3. On or about the 28th day of September, 2013, in the Southern District of Ohio, the defendants, DIMITAR ANGELOV and DIMITAR KOLEV, knowingly and with an intent to defraud used, produced, had control and custody of, and possessed a scanning receiver as described above, said conduct affecting interstate and foreign commerce, in that the device was affixed to an automatic teller machine at a

federally-insured bank, which uses interstate wire communications to facilitate automated bank transactions.

All in violation of 18 U.S.C. § 1029(a)(8) and (c)(1)(a)(ii) and 2.

## FORFEITURE ALLEGATION 1

1. The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1029 set forth in Count 1 of this Indictment, the defendants, DIMITAR ANGELOV and DIMITAR KOLEV, shall forfeit to the United States of America:

(A) pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s);

(B) pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

The property to be forfeited includes, but is not limited to: all scanning tools and implements, prepaid debit cards, and bank cards found at the time of the search of Defendant ANGELOV's vehicle on September 28, 2013.

3. If any of the property described above, as a result of any act or omission of the defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2) and Title 28, United States Code, Section 2461(c).

  All pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL.

/S/

GRAND JURY FOREPERSON

CARTER M. STEWART
UNITED STATES ATTORNEY

ANTHONY SPRINGER
CINCINNATI BRANCH CHIEF